**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CHARLES DAVIN WILLIAMS,          Case No. 1:16-cv-889

    Plaintiff,                                     Black, J.
                                               Bowman, M.J.

v.

REAL SOFT INC.,

    Defendant.

**REPORT AND RECOMMENDATION**

On March 24, 2016, Plaintiff, proceeding *pro se* and *in forma pauperis,* filed a complaint against a former employer, identified as Parker-Hannifin Corporation, in Case No. 1:16-cv-412.[1] On September 1, 2016, Plaintiff sought leave to file the above captioned case *in forma pauperis*, alleging employment discrimination based upon his race and age against another former employer, identified as Real Soft Inc. On the same date, he filed a third employment discrimination case, this time identifying his former employer as Luxottica Retail North America Inc. *See* Case Nos. 1:16-cv-888.

The undersigned now recommends the *sua sponte* dismissal of Case No. 1:16-cv-889 for failure to state a claim under 28 U.S.C. § 1915(e)(2), and to avoid inconsistent decisions by this Court. The referenced statutory provision states that a court:

**shall dismiss the case at any time** if the court determines that--

**(A)** the allegation of poverty is untrue; or

**(B)** the action or appeal--

---
[1] The Defendant's motion for summary judgment in that case is presently under review.

1

...	**(ii)** fails to state a claim on which relief may be granted

§ 1915(e)(2)(emphasis added).

Although the undersigned initially stated that "it *appears* that plaintiff has alleged sufficient facts to state a claim for race and age discrimination," (Doc. 2 at 1, emphasis added), closer review of the complaint confirms that no such claim has been stated. In fact, Plaintiff's complaint against Real Soft Inc. is identical to the complaint that Plaintiff filed on the same day against Luxottica, with the sole difference being the identity of the Defendant. *See* Case No.1:16-cv-888. In both cases, the totality of Plaintiff's complaint alleges a "[v]iolation of my civil rights discriminated termination of job based on my race, color, and age." As relief in both cases, Plaintiff seeks "Back pay and my job returned to me." (Compare Doc. 1, Complaint at 2 in both cases).

In Case No. 1:16-cv-888, U.S. Magistrate Judge Karen L. Litkovitz properly recommended the *sua sponte* dismissal of the employment discrimination complaint as entirely conclusory, and insufficient to state any claim. Judge Litkovitz's analysis applies with equal force to this case:

> Plaintiff fails to allege any facts from which the Court could reasonably infer that he was discriminated against on the basis of his race, age, sex, disability, or any other suspect classification…. Instead, plaintiff's complaint alleges a legal conclusion of discrimination without any factual enhancement to support or explain this conclusion. The Court need not "accept as true a legal conclusion couched as a factual allegation."

(Doc. 4 at 2-3). On January 30, 2017, the R&R in Case No. 1:16-cv-888 was adopted by U.S. District Judge Susan J. Dlott over Plaintiff's objection. (*See* Docs. 4-6 in Case No. 1:16-cv-888-SJD-KLL).

Should any reviewing court disagree that this case also should be dismissed *sua sponte* for failure to state a claim, the undersigned alternatively recommends that

2

Plaintiff be directed to show cause as to why his *in forma pauperis* status should not be revoked. *See* 28 U.S.C. § 1915(e)(2)(A) (directing dismissal if the court determines that the allegation of poverty is untrue). Plaintiff signed applications to proceed without payment of fees in all three cases in this Court under penalty of perjury. However, his statements on the applications clearly are inconsistent.

In Case No. 1:16-cv-412, Plaintiff reported his last employment as October 2015, and that he was earning $600 per month.[2] However, in Case Nos. 1:16-cv-888 and 1:16-cv-889, Plaintiff reported his last employment as one year earlier, on October 2014, at a rate of $800 per month. Each of Plaintiff's three motions declares that he has no "cash on hand or money in a savings, checking, or other account." However, his application in Case No. 1:16-cv-412 states that he owes utilities and rent in the amount of $2300 per month. Plaintiff testified under oath in his deposition in Case No. 1:16-cv-412 that he is supporting himself from "savings." (Doc. 18-1, Deposition at 10). In contrast to his statements concerning rent and utilities in Case No. 1:16-cv-412, his other two applications to proceed *in forma pauperis* reflect "N/A" in response to the inquiry concerning creditors or financial obligations.

**Conclusion and Recommendation**

For the stated reasons, the undersigned hereby **RECOMMENDS** that Plaintiff's complaint against Real Soft Inc. be dismissed with prejudice for failure to state a claim, and this case be **CLOSED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[2] Although his tenure of employment with Parker-Hannifin was less than two months, Plaintiff's salary at the time of his October 2015 termination was not $600 but $6500 per month. (Doc. 19-3 at 7).

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES DAVIN WILLIAMS,   Case No. 1:16-cv-889

    Plaintiff,   Black, J.
       Bowman, M.J.
  v.

REAL SOFT INC.,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4